IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTI ROBERTS KOLB,** | |
| Plaintiff, | |
| v. | Case No. 21-cv-3235 |
| **AMERICAN BAR ASSOCIATION,** | District Judge Edmond E. Chang |
| Defendant. | Magistrate Judge Heather K. McShain |

**DEFENDANT AMERICAN BAR ASSOCIATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant American Bar Association ("ABA"), by and through its attorneys, LITTLER MENDELSON, P.C., hereby provides the following Answer and Affirmative Defenses to the Complaint of Plaintiff Christi Kolb ("Plaintiff"), as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

**ANSWER:** ABA admits the allegation in Paragraph 1 of Plaintiff's Complaint.

2. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 139l(b)(l)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**ANSWER:** ABA admits that venue is proper in this district. However, ABA denies that it engaged in any unlawful acts or employment practices that allegedly gave rise to Plaintiff's claims. ABA further denies any and all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

**PARTIES**

3. Plaintiff is a female and is a resident of Mobile, Alabama.

**ANSWER:** ABA admits that Plaintiff is a female. However, ABA lacks sufficient information and/or knowledge to admit or deny whether Plaintiff is a resident of Mobile, Alabama, and therefore denies the same.

4. At all times relevant, Defendant was, and is, a not-for-profit corporation with the main office located in Chicago and within the Northern District of Illinois organized under the laws of Illinois and with offices in other states.

**ANSWER:** ABA admits Paragraph 4 of Plaintiff's Complaint.

5. At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff, and Plaintiff was an "employee" of Defendant, as those terms are defined under the EPA.

**ANSWER:** Paragraph 5 calls for legal conclusion to which no response is required. To the extent a response is required, ABA admits that it employed Plaintiff.

## FACTUAL ALLEGATIONS

6. Plaintiff began employment with Defendant in or around October of 2018 and was employed until July of 2019, when she resigned.

**ANSWER:** ABA admits that it employed Plaintiff beginning on October 22, 2018 through her voluntary resignation on July 5, 2019. ABA denies all remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Plaintiff was initially hired by Defendant as Senior Technical Advisor and her most recent position with Defendant was as Acting Country Director.

**ANSWER:** ABA admits that it employed Plaintiff as a Senior Technical Advisor. ABA denies that it employed Plaintiff as Acting Country Director at any time during her employment. ABA denies all remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Plaintiff has over 25 years of experience as a litigator and international expert with international program experience assisting other countries to deepen the understanding of the rule of law principles and to improve litigation skills.

**ANSWER:** ABA lacks sufficient information and/or knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Throughout Plaintiffs employment with Defendant, she has been paid significantly less than similarly situated, male employees with equal or less experience and similar or fewer credentials.

**ANSWER:** ABA denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Plaintiff attempted to negotiate a better salary and was told that the budget could not sustain a higher salary which Plaintiff found was untrue when she later learned male employees were being paid significantly more than her.

**ANSWER:** ABA admits that it engaged in pre-employment salary negotiations with Plaintiff and affirmatively states that the Plaintiff voluntarily agreed to and accepted the salary amount offered to Plaintiff. ABA denies all remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

## COUNT I
## (EPA- GENDER DISCRIMINATION)

11. Plaintiff re-alleges paragraphs 1 through 10 and incorporates them as if fully set forth herein.

**ANSWER:** ABA re-states and incorporates by reference its responses to Paragraphs 1 through 10 of Plaintiff's Complaint as if set forth verbatim herein.

12. EPA makes it unlawful for an employer to discriminate against an employee on the basis of his or her gender.

**ANSWER:** ABA denies that Paragraph 12 of Plaintiff's Complaint fully and accurately summarizes the Equal Pay Act of 1963. Additionally, Paragraph 12 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. Therefore, ABA denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. By its conduct as alleged herein, Defendant discriminated against Plaintiff based upon her gender by paying her substantially less than less qualified, similarly situated male employees.

**ANSWER:** ABA denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Plaintiff has suffered monetary loss and emotional distress as a result of Defendant's conduct.

**ANSWER:** ABA denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

**ANSWER:** ABA denies the allegations in Paragraph 15 of Plaintiff's Complaint.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

a. Injunctive relief;

b. Lost wages and other economic damages, if any;

c. Compensatory damages for pain and suffering;

d. Attorneys' fees and costs incurred in this action;

e. Such other relief as is just and equitable;

f. The plaintiff requests a jury trial of this action.

**ANSWER:** ABA denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief sought in her Prayer for Relief as to Count I. ABA further denies any and all remaining allegations in Plaintiff's Prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's damages, if any, should be reduced to the extent she has failed to mitigate her alleged damages.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

laches, unclean hands, estoppel and/or the applicable statute of limitations

## FOURTH DEFENSE

Plaintiff's claims are barred, in part, by the EPA's statute of limitations.

## FIFTH DEFENSE

All actions taken by Defendant with respect to Plaintiff have been done with business justification and because of business necessity.

## SIXTH DEFENSE

All actions taken by ABA with respect to Plaintiff were based upon legitimate factors other than sex.

## SEVENTH DEFENSE

To the extent that any pay disparity is found to exist, the disparity is justified because it is a result of the employer's pay system based on seniority, merit, quantity and quality of output, and/or terms of the grant under which Plaintiff's compensation was funded —not because of any protected characteristic.

## EIGHTH DEFENSE

ABA would have taken the same actions regarding Plaintiff's employment even absent any alleged discriminatory motive.

## NINTH DEFENSE

ABA is not liable for liquidated damages under the Equal Pay Act because its actions towards Plaintiff were taken in good faith. Therefore, ABA did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to any liquidated damages.

### TENTH DEFENSE

Plaintiff failed to adequately report the alleged discrimination and failed to allow ABA an opportunity to take action to remedy any alleged discrimination or pay disparity.

### ELEVENTH DEFENSE

ABA had an anti-discrimination policy and complaint procedure in place, and Plaintiff unreasonably failed to avail herself of the complaint procedure contained therein, or to avoid harm otherwise.

### TWELFTH DEFENSE

Plaintiff's claims fail to the extent she has failed to exhaust her administrative remedies.

ABA reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, said allegations are hereby denied.

### CONCLUSION

**WHEREFORE,** Defendant American Bar Association respectfully prays that this Court enter judgment in its favor, that Plaintiff take nothing thereby, and that this Court award ABA any and all further relief that it deems appropriate.

Respectfully submitted,

*/s/Michael A. Wilder*
Michael A. Wilder

Michael A. Wilder, Bar No. 6291053
mwilder@littler.com

LITTLER MENDELSON P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520

Dated: July 23, 2021

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 23, 2021, he caused a copy of ***Defendant American Bar Association's Answer and Affirmative Defenses Plaintiff's Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which will send notification of such filing to the following party:

MICHAEL T. SMITH
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

/s/Michael A. Wilder
Michael A. Wilder